### DAVE COLEMAN v. THE STATE.

No. 3642.    Decided June 6, 1908.

**Local Option—Requested Charge—Sale.**

Where upon trial for a violation of the local option law the evidence raised the issue of sale and receiving payment for intoxicating liquors and the court charged the jury that if they had a reasonable doubt as to whether defendant received any pay for the alleged beer to acquit, the same was sufficient without giving defendant's special instruction on the same issue.

Appeal from the County Court of Coleman. Tried below before the Hon. F. M. Bowen.

Appeal from a conviction for violation of the local option law; penalty, a fine of $35 and thirty days confinement in the county jail.

The opinion states the case.

*Woodward & Baker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State. Hargraves v. State, 39 S. W. Rep., 661.

DAVIDSON, Presiding Judge.—This conviction was for violating the local option law.

The witness Hammond testified that he bought a bottle of Budweiser beer from appellant and put 15 cents on the counter, and walked out. Under his testimony this was an intoxicant. He said he had no recollection of what Coleman was doing at the time he put the money on the counter and he did not know what became of it.

When he returned he did not see the money and did not know whether appellant saw him put the money on the counter; had no recollection of appellant giving him a bottle of beer at different times, and that he had no recollection of having accepted any beer that appellant gave him. That he had accepted whisky on one occasion. That he drank uno and could tell the difference between uno and beer; that the bottles were shaped and looked alike; that when he placed the money on the counter it made the usual noise that a nickel would make. It was proved by the witness, King that Budweiser beer was intoxicating. Appellant testified that he knew the witness Hammond; that he never turned over to him a bottle of beer, nor did Hammond put 15 cents on the counter for the bottle of beer; that if he ever put 15 cents down on the counter in his place of business, he never saw it, and did not get it and knew nothing of it; that he had set beer up to him but never charged him anything for it. On cross-examination he said he did not go to the witness Hammond and ask him to sign an order for a dozen bottles of beer and date it back and tell him that if he would do so he could present the order in court and that would be all there was to it. Hammond being recalled, testified that appellant came to him and told him he had an order that if he would sign for a dozen bottles that he could present it in court and that would be all there was to the case; that he declined and would not sign any such order.

Under this state of facts appellant requested special instruction, which the court refused to give, submitting the issue made by appellant's evidence that he did not sell or intend to sell any intoxicant to the alleged purchaser, and that he did not take the 15 cents, if any was placed on the counter by said purchaser. In other words, he presents in the special instruction his theory of the case as testified by himself, that he neither sold the purchaser intoxicants nor received any money for it, but only "set up" the beer to Hammond. This was an issue squarely made by the testimony, and which appellant had the right to have the jury pass upon under appropriate instruction. Appellant did what he could in the way of asking a special charge, and this was refused. This was error.

The witness Hammond testified the bottle he received from appellant had a label on it with Budweiser printed on the label. Exception was reserved to the action of the court permitting the State to prove such label was on the bottle. We are of opinion this was not error.

The other questions suggested for revision have been decided adversely to appellant's contention in other cases decided at the present term.

For the error indicated, the judgment is reversed and remanded.

*Reversed and remanded.*

Brooks, Judge, absent.

### ON MOTION FOR REHEARING.

#### June 24, 1908.

DAVIDSON, Presiding Judge.—On a former day of this term the judgment herein was reversed because of the refusal of the court to give appellant's special requested instruction in regard to his theory of the case as testified by himself, to wit: that he neither sold the intoxicant nor received any money for it, but only set up or gave the beer to Hammond. It was said in the original opinion that this issue was presented by the testimony, and upon which appellant had a right to have the jury pass under appropriate instructions. A charge is embodied in the transcript, as stated in the original opinion, presenting this matter, which was refused by the court. The State filed a motion for rehearing, upon which certiorari was ordered to perfect the record. Upon return of this writ, we find the court gave the following charge, which was omitted from the transcript: "Gentlemen of the jury: You are charged that if you have a reasonable doubt as to whether or not the defendant received any pay for the beer, it will be your duty to find the defendant not guilty." The court, upon reviewing this question, is of the opinion that this sufficiently presents such issue for a decision of the jury, and this being so, it was not reversible error to refuse the other instruction requested by appellant.

Believing the issue was sufficiently presented by the given requested instruction, we grant the motion for rehearing, and set the reversal aside, and now affirm the judgment.

*Affirmed.*

[Motion for rehearing denied October 14, 1908, without written opinion.—Reporter.]